IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00960-BNB

DAMON DARES KEYS,

    Applicant,

v.

STEVE HARTLEY, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2008

GREGORY C. LANGHAM
                        CLERK

ORDER OF DISMISSAL

I. Background

Applicant Damon Dares Keys is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon, Colorado, Correctional Facility. Mr. Keys initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 95CR284 in the Denver District Court of Colorado. In an order filed on June 5, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 13, 2008, Respondents filed an Answer. Mr. Keys filed a Reply on July 7, 2008.

In the Application, Mr. Keys asserts that following a jury trial he was convicted of two counts of attempted first degree murder, two counts of first degree assault, and two counts of aggravated robbery and theft on December 8, 2000, and was sentenced to ninety-six years of incarceration. (Application at 2.) He further asserts he filed a direct appeal, in which the Colorado Court of Appeals affirmed his conviction on December 28, 2006, and the Colorado Supreme Court denied his petition for certiorari review on May 7, 2007. (Application at 2-3.) Mr. Keys also states that he has not filed a postconviction motion. (Application at 3.)

In the Answer, Respondents assert that on February 13, 1996, a jury convicted Mr. Keys of the counts listed above. (Answer at 5.) On direct appeal the Colorado Court of Appeals found that because trial counsel had a conflict he should have been removed as Applicant's defense counsel. (Answer at 5.) The conviction was reversed and the case was remanded to the trial court for a new trial. (Answer at 5.) The court of appeals also found that because Mr. Keys failed to challenge the validity of his arrest warrant in the trial court he had waived the claim on appeal. (Answer at 5.) Both the defense and the state petitioned for certiorari review in the first appeal, but the petitions were denied and the mandate issued on February 25, 1999. (Answer at 6.)

Respondents further state that a second trial concluded on October 13, 2000, in which a jury again found Mr. Keys guilty of the same offenses. (Answer at 6.) In his appeal of the second conviction, Mr. Keys argued that the trial court erred in determining that it lacked authority to address his invalid arrest claim. (Answer at 6.) The court of appeals agreed with Mr. Keys and remanded the case for a hearing on his arrest warrant claim. (Answer at 6.) Respondents also assert that the trial court denied

2

Mr. Keys' invalid arrest claim on November 1, 2004, that the court of appeals affirmed the trial court's order, and that a petition for writ of certiorari was denied on May 7, 2007.

II. Analysis

The Court must construe liberally Mr. Keys' Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court finds the action is timely but will dismiss the action without prejudice as a mixed petition.

A. 28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Keys' Application appears to be timely under 28 U.S.C. § 2244(d). For purposes of § 2244(d), the one-year time limitation began to run ninety days after the Colorado Supreme Court denied a petition for certiorari review on May 7, 2007, when the time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Keys' conviction, therefore, became final on August 6, 2007, *see* Sup. Ct. R. 30(1), and the Application is timely under § 2244(d).

B. State-Court Exhaustion

Respondents argue that Mr. Keys has not exhausted Claims One, Two, and Four. With respect to Claim One, Respondents contend that Mr. Keys admits in the

3

Application that he has not challenged the trial court's jurisdiction to conduct the remand hearings. (Answer at 11.) As for Claim Two, Respondents assert that Mr. Keys failed to assert the jurisdiction claim regarding his arrest warrant in his petition for certiorari in the Colorado Supreme Court. (Answer at 11-12.) Finally, with respect to Claim Four, Respondents assert that Mr. Keys failed to raise his collusion claim regarding his arrest warrant in the state court of appeals. (Answer at 12.)

In his Application, Mr. Keys asserts that he raised six claims in his first direct appeal. (Application at Attached Unnumbered Pages.) Claim one in the first direct appeal deals with the validity of the search warrant, and whether evidence gained from the search warrant should be suppressed. Claim two challenges the reasonableness of the search and seizure conducted by the Aurora police, because the warrant they used was unrelated to any investigation of Applicant by the Aurora police. (Application at Unnumbered Pages.) Claims three and four challenge the effectiveness of trial counsel, and claim five addresses Applicant's competency at the time of trial. (Application at Unnumbered Pages.) Finally, claim six attacks the sufficiency of the evidence to find Applicant committed attempted first degree murder. (Application at Unnumbered Pages.)

Applicant asserts that in his second appeal he raised two claims, including whether the trial court erred in finding that the law of the case precluded it from reviewing Applicant's claim that the search warrant was void *ab initio*, and whether because the warrant was issued by a court clerk rather than a judge the evidence obtained through the use of the warrant should be suppressed. (Application at Unnumbered Pages.)

4

Finally, in the third appeal, Applicant addressed two issues, whether the trial court committed an error when it concluded that the warrant was not void *ab initio* or for lack of jurisdiction. (Answer, Ex. A at 6 and 23.)

In the instant action, Mr. Keys raises four claims. In Claim One, he asserts that his due process and his equal protection rights were violated by the court of appeals when it issued a remand to the trial court for the purpose of arguing the merits of an invalid arrest warrant. (Application at 5.) Applicant also asserts that all rulings by the trial court and the district court are null and void for lack of jurisdiction. (Application at 5.) In Claim Two, Mr. Keys asserts that his rights were violated when the court of appeals affirmed the trial court's ruling that the warrant was not void due to lack of jurisdiction, and in Claim Three he asserts that the evidence obtained due to the void *ab initio* arrest warrant should have been suppressed. (Application at 6.) Finally, in Claim Four, Mr. Keys asserts that police officers engaged in a "subterfuge" arrest when they used an arrest warrant that was unrelated to the state criminal proceeding at issue in this action. (Application at Attached Unnumbered Pages.)

As for Claim One, Mr. Keys failed to raise this claim in either his second or third appeal and the claim is unexhausted. With respect to the remaining claims, the Court finds, based on the documents provided by both Applicant and Respondents, that the claims are exhausted. However, even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless all of the claims properly have been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); **Harris v. Champion**, 48 F.3d 1127,

1133 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Keys concedes that he has not exhausted Claim One, but contends that a jurisdiction claim may be raised at any time even for the first time on appeal. Mr. Keys' argument lacks merit and provides no basis for this Court to consider Claim One. He has not presented Claim One to any state court, and the claim has not been exhausted as required under 28 U.S.C. § 2254.

As for his request that this Court stay the instant action, the United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring). A stay and abeyance, however, is only available in limited circumstances. *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Mr. Keys must establish "good cause" for his failure to first exhaust the claims in state court. *Rhines*, 544 U.S. at 277. Mr. Keys fails to assert good cause.

Mr. Keys has until August 6, 2008, before the one-year time limitation runs for the purpose of 28 U.S.C. § 2244(d). Mr. Keys is able to file a postconviction motion in state court if he desires to present Claim One and then pursue the claim in this Court after he has exhausted state court remedies. The time during which a properly filed postconviction motion is pending in state court is tolled under 28 U.S.C. § 2244(d). *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000). Mr. Keys is aware of the time

6

within which he needs to file a timely second habeas action. Furthermore, Mr. Keys has been on notice since June 13, 2008, when Respondents filed their Pre-Answer Response, that the instant action may considered as a mixed petition by this Court.

III. Conclusion

Based on the above findings, the Court will dismiss the instant Application without prejudice as a mixed petition. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice as a mixed petition.

DATED at Denver, Colorado, this 16 day of July, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00960-BNB

Damon Dares Keys
Prisoner No. 89663
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk